IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DUNCAN ALLEN ROBINSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>FLORENCE COUNTY DETENTION CENTER; CORRECTIONAL OFFICER MILLER; MOSES; GEE; HOPKINS,<br><br>Defendants. | C/A No. 8:25-cv-10427-JD-WSB<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 34.) The Report recommends summarily dismissing Plaintiff Duncan Allen Robinson, Jr.'s ("Plaintiff") *pro se* action under 42 U.S.C. § 1983, without issuance and service of process, without prejudice, and without further leave to amend. (DE 34 at 10.) Plaintiff filed an objection. (DE 39.)

After Plaintiff notified the Court of a change of address, the Court remailed the Report to him at Lieber Correctional Institution on December 9, 2025. (DE 36; DE 37.) The Court has considered Plaintiff's objection. For the reasons below, the Court overrules the objection, adopts the Report in material part, modifies it to clarify the operative pleading, and dismisses this action without prejudice and without further leave to amend.

## A. Background

Plaintiff commenced this action in August 2025. His original Complaint named the Florence County Detention Center, "G Corporate," Correctional Officer Miller, and Lieutenant Moses and alleged misconduct while Plaintiff was confined at the Florence County Detention Center. (DE 1 at 1–6; DE 34 at 1–3.)

On November 12, 2025, the Magistrate Judge entered an Order Regarding Amendment explaining that Plaintiff's Complaint was subject to summary dismissal but affording him twenty-one days to attempt to cure the identified deficiencies. (DE 24; DE 34 at 1–2.) Plaintiff was expressly warned:

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

(DE 34 at 2 (quoting DE 24 at 7).)

Plaintiff filed an Amended Complaint on December 1, 2025. (DE 29.) That pleading names Correctional Officers Gee, Moses, Miller, and Hopkins. (DE 29 at 1–3; DE 34 at 3.) It does not name Florence County Detention Center or "G Corporate," and the Clerk terminated those parties when DE 29 was filed. (DE 31.)

That distinction matters because "[a]s a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citation omitted). Accordingly, DE 29 is the operative pleading, and the Court need not rely on the Report's discussion of the Florence County Detention Center as an independent basis for dismissal.

In DE 29, Plaintiff alleges that during nights or early mornings between January 2022 and November 2024, "my CO's" entered while he was sleeping, sexually

assaulted and injured him, caused sores or other marks on his body and head, damaged his hair, and poisoned him. (DE 29 at 5–6; DE 34 at 3.) Plaintiff seeks $2 million in damages. (DE 29 at 6.)

Before filing DE 29, Plaintiff submitted letters explaining that he did not know the full identities of the correctional officers or inmates he believed were involved. He stated that the facility should possess relevant identifying information and camera footage. He also explained that he was asleep when the alleged events occurred and knew that something had happened because of marks, sensations, and changes in his body. (DE 34 at 4 (discussing DE 27 and DE 28).)

**B. Report and Objection**

The Report concludes that the operative pleading fails to state a plausible § 1983 claim against Miller, Moses, Gee, or Hopkins because it does not allege facts describing what any one of those individuals personally did. (DE 34 at 8–10.) Although the Amended Complaint lists their names, its factual narrative refers collectively to "my CO's" and does not attribute any particular act or omission to Miller, Moses, Gee, or Hopkins. (DE 29 at 1–6; DE 34 at 3, 8–10.)

The Report, therefore, recommends dismissal without prejudice, without issuance and service of process, and without further leave to amend. (DE 34 at 10.)

Liberally construed, Plaintiff's objection challenges that conclusion. He contends that camera footage would show what occurred, that physical examination would reveal marks or sores on his face and body, and that medical records would substantiate his assertions concerning poisoning and resulting injuries. (DE 39 at 1–2.) But the objection does not state what Miller, Moses, Gee, or Hopkins personally

did, nor does it identify any one of those Defendants as the person who allegedly committed a particular act. (*Id.*)

**C. Standard of Review**

A magistrate judge's recommendation carries no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must make a de novo determination of any portion of a Report to which a party makes a specific written objection and may "accept, reject, or modify" the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

An objection is sufficiently specific when it "reasonably . . . alert[s] the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Pro se objections are construed liberally. *Id.* at 460–61. As to portions of the Report to which no specific objection is made, the Court reviews for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Because Plaintiff is a prisoner proceeding in forma pauperis and seeking relief from governmental employees, the Court must screen the operative pleading under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Although a pro se complaint receives liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), it must contain sufficient factual matter to state a facially plausible claim, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. At this stage, the Court does not resolve

factual disputes or determine whether Plaintiff ultimately could prove his allegations. *See Langford v. Joyner*, 62 F.4th 122, 124–27 (4th Cir. 2023).

**D. Discussion**

**1. The Amended Complaint Is the Operative Pleading**

The Court first clarifies the pleading before it. DE 29 superseded the original Complaint. *See Young*, 238 F.3d at 572. The Amended Complaint names Miller, Moses, Gee, and Hopkins. (DE 29 at 1–3.) The Clerk did not carry Florence County Detention Center and "G Corporate" forward as Defendants, and terminated them when the Amended Complaint was filed. (DE 31.)

The Court, therefore, does not adopt the Report's discussion of whether the Florence County Detention Center itself qualifies as a "person" under § 1983 as a necessary ground for disposition. The issue is unnecessary to the disposition of the operative Amended Complaint.

**2. The Amended Complaint Does Not Plausibly Allege Each Defendant's Personal Involvement**

The Court agrees with the Report's principal conclusion. Section 1983 requires personal involvement and does not impose vicarious liability merely because a person is a correctional officer associated with the institution where an alleged constitutional violation occurred. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The Supreme Court likewise requires a plaintiff to plead that each defendant, "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

*Langford v. Joyner* directly addresses collective pleading. The Fourth Circuit did not categorically hold that use of the collective term "Defendants" is always improper. 62 F.4th 122, 126 (4th Cir. 2023). Instead, the inquiry is contextual: while detailed evidentiary allegations are unnecessary, Rule 8 requires "sufficient facts to allow the court to infer liability as to each defendant." *Id.* at 126.

Plaintiff's Amended Complaint falls short of that requirement. Miller, Moses, Gee, and Hopkins are listed as Defendants. (DE 29 at 1–3.) But the factual narrative does not allege that any particular named Defendant entered Plaintiff's room, touched or assaulted him, poisoned him, witnessed and failed to intervene in misconduct, or committed any other specific act. Instead, Plaintiff alleges collectively that "my CO's" committed the conduct. (DE 29 at 5; DE 34 at 3, 8–10.)

The Court has considered whether "my CO's," read liberally, could reasonably be understood as an allegation that all four named Defendants personally participated in all the asserted conduct. The surrounding allegations do not support that inference. Plaintiff's pre-amendment correspondence states that he did not know the names of the correctional officers or inmates involved, that he was asleep when the incidents allegedly occurred, and that the institution would have to consult records or footage to determine who was responsible. (DE 34 at 4.) Against that background, simply placing four names in the caption does not turn the collective phrase "my CO's" into plausible factual allegations against each named individual.

This is not an impermissible requirement that Plaintiff possess every defendant's full legal name before discovery. *Langford* recognizes that use of a John or Jane Doe designation may be acceptable when the defendant's actual name is

unknown, provided the complaint contains sufficient factual allegations concerning that particular unknown person to state a plausible claim. 62 F.4th at 126. The deficiency here is not nomenclature; it is the absence of sufficiently individualized factual allegations.

**3. Plaintiff's Request for Evidentiary Review Does Not Cure the Pleading Defect**

Plaintiff's objection primarily argues that the Court should review camera footage, his physical condition, and medical records. (DE 39 at 1–2.) Those matters may prove the underlying events. They do not identify what Miller, Moses, Gee, or Hopkins personally did.

At screening, the Court asks whether the pleading itself states a plausible claim. Discovery cannot replace factual allegations required by Rule 8. *Iqbal* makes that point expressly: because a deficient complaint does not satisfy Rule 8, the plaintiff is "not entitled to discovery, cabined or otherwise." 556 U.S. at 686.

The Court, therefore, does not reject Plaintiff's allegations because it has disbelieved him, because he has not yet proved an injury, or because the Court has weighed competing evidence. Accepting the pleaded facts as true, the Amended Complaint still does not plausibly connect the asserted misconduct to Miller, Moses, Gee, or Hopkins. Plaintiff's objection is, therefore, overruled.

**4. Further Leave to Amend Is Not Warranted**

The Court also agrees with the Report that a second opportunity to amend is not warranted.

In *Gordon v. Leeke*, the Fourth Circuit explained that when a *pro se* litigant may have a meritorious claim against persons whose identities are unknown, the

district court should afford a "reasonable opportunity to determine the correct person or persons against whom the claim is asserted" and "direct or permit amendment of the pleadings to bring that person or persons before the court." 574 F.2d 1147, 1152–53 (4th Cir. 1978).

That reasonable opportunity has already been afforded here. On November 12, 2025, the Magistrate Judge notified Plaintiff that the original Complaint was deficient, gave him twenty-one days to amend, mailed him a blank amended-complaint form, and expressly warned that failure to correct the identified deficiencies would result in a recommendation of dismissal under §§ 1915 and 1915A without further leave to amend. (DE 24; DE 25; DE 34 at 1–2.)

Plaintiff exercised that opportunity by filing DE 29. Yet the Amended Complaint still fails to allege facts permitting the Court to infer the personal involvement of any particular Defendant. (DE 29 at 1–6; DE 34 at 8–10.) The Court does not hold that Plaintiff's allegations can never be pleaded as a cognizable constitutional claim; rather, Plaintiff has already received the reasonable opportunity contemplated by *Gordon* and did not cure the identified Rule 8 and personal-involvement deficiency. Unlike the pleadings in Gordon, which described conduct by particular, although initially unidentified, officers, Plaintiff does not describe any unknown actor by incident, role, or conduct with sufficient specificity to state a claim.

A second amendment opportunity is, therefore, not required, and the Court adopts the Report's recommendation on that point.

## E. Conclusion

For the foregoing reasons, it is **ORDERED** that:

1. Plaintiff's objection (DE 39) is **OVERRULED**;
2. The Report and Recommendation (DE 34) is **ADOPTED IN PART** as to its personal-involvement and failure-to-state-a-claim analysis concerning Miller, Moses, Gee, and Hopkins and its recommendation that dismissal occur without further leave to amend, and **MODIFIED IN PART** to clarify that DE 29 is the operative pleading and that the Court does not rely on the Report's discussion of Florence County Detention Center as an independent ground for dismissal;
3. Plaintiff's Amended Complaint (DE 29) and this action are **DISMISSED WITHOUT PREJUDICE**, without issuance and service of process and **WITHOUT FURTHER LEAVE TO AMEND**, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and
4. The Clerk of Court is **DIRECTED TO ENTER FINAL JUDGMENT** and close this case.

Because the Court dismisses the action without granting further leave to amend, this Order constitutes a final disposition notwithstanding that the dismissal is without prejudice. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (holding that such a dismissal is "final and appealable").

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 9, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).